## THE STATE v. CAVIN, Appellant.

### Division Two, November 20, 1906.

1. **CRIMINAL LAW: Evidence: Shooting at One Person, Killing Another.** Where one person shoots at another with the felonious intent to kill and murder him, and the ball strikes and kills a third party, the law transfers the felonious intent to the latter; and, therefore, the admission of evidence which tends to show that defendant shot and killed a different person from the one the information charged him with killing, did not constitute error.

2. ————: ————: **Res Gestae.** All that occurred at the time of the shooting with respect thereto was part of the *res gestae,* and was admissible in evidence upon that ground.

3. ————: ————: **Sufficiency: Murder.** The evidence in this case is held sufficient to show murder in the first degree, and, consequently, sufficient to justify the jury in finding defendant guilty of murder in the second degree.

Appeal from St. Francois Circuit Court.—*Hon. Robt. A. Anthony,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

(1) The State's evidence was properly admitted, even though some of it tended to prove that defendant shot and killed a man different from the one that he was charged with killing. Every thing that was done and said by defendant, and by the others, at the time of the homicide, constituted a part of the *res gestae.* All of defendant's actions at the time of, and just prior to the shooting of Samuel Gann, were admissible, even though it tended to prove that defendant had committed another crime. State v. Smith, 125 Mo. 2; State v. Taylor, 118 Mo. 53; State v. Sanders, 76 Mo. 35. (2) The evidence was sufficient to have justified the jury in convicting the defendant even of the highest grade of homicide.

BURGESS, P. J.—By this appeal the reversal of a verdict and judgment of the circuit court of St. Francois county, convicting the defendant of murder in the second degree and fixing his punishment at ninety-nine years in the penitentiary for having shot to death with a pistol at said county on the fourth day of July, 1904, one Samuel Gann, is sought.

In due time after verdict defendant filed motions for a new trial and in arrest, which were overruled. He appeals.

At a picnic at Knob Lick in said county on the 4th day of July, 1904, late in the evening there was dancing, a platform about sixteen by twenty feet having been constructed for that purpose. Between eight and nine o'clock, Ed Gann, a brother of the deceased, was dancing upon this platform and got into a controversy with one Bert Williams. The platform was poorly lighted. Ed Gann and Williams wanted to dance with

the same lady. Ed Gann accused Williams of talking about him. Williams denied the charge; a quarrel then resulted between them during which Ed Gann struck Williams and knocked him off the platform. About this time one William Smith appeared upon the scene, and used loud and profane language towards Ed Gann. During this time the defendant had been standing by the side of the platform, looking at the dancing. He was heard to say, "Here boys; that will not do." At the time of using this language defendant was on the platform walking in the direction of Ed Gann. Just before he started towards Gann he drew his pistol and carried it in his hand. He fired one shot at Ed Gann, who then turned and walked away across the platform, and fell mortally wounded. Defendant then immediately turned his pistol upon Sam Gann, who was standing a few steps away, and fired four shots at him, from the effects of which Gann fell to the floor and died instantly. About this time George Gann, another brother, came up, and defendant leveled his pistol at him, saying that he would kill the whole family if he had any more cartridges. A post-mortem examination disclosed that two bullets had taken effect in the body of Sam Gann; one in the neck and the other four inches below the right nipple. The physicians testified that both wounds were made by bullets from a thirty-eight-calibre pistol, and that both wounds were fatal. Sam Gann had no weapons nor was he making any demonstration towards the defendant at the time he was shot. Miss Della Wells, who was dancing on the platform at the time of the shooting, was wounded in the foot; and another bullet pierced the platform. After the trouble was over defendant asked some one to telephone to the sheriff that he desired to surrender himself.

The defendant's evidence tended to prove that Bert Williams was standing on the dancing platform just prior to the shooting, talking to Miss Mattie Wompler about dancing the next set. That Ed Gann

said, "What are you talking about me for?" To which Williams replied that he was not talking about him; and, in a little while, some one knocked Williams backward off of the platform. That the defendant was standing by the side of his wife, near the platform, and, on seeing the disturbance, stepped up and said, "Boys, don't have any trouble; it will break up the picnic." That Ed Gann struck defendant on the neck with a pair of brass knucks, knocking defendant down on the platform, and off of the edge to the ground. That almost instantly Ed Gann fired twice at defendant, but missed him, although they were only a few feet apart. The defendant got up off of his hands and knees and shot three times at Ed Gann; but that he did not shoot at Sam Gann, and did not see him. The defendant, his wife and another witness, testified that they heard six shots fired that night, but they did not know who fired the sixth shot. His evidence further tended to show that there was an interval after the two first shots were fired; and that the remaining four were fired in rapid succession. A pair of brass knucks, a small pocket knife and some smoking tobacco were taken off of the body of Ed Gann the next morning. No weapons were found on the body of Sam Gann. Defendant's evidence further tended to show that Ed Gann's general reputation was bad, and that defendant enjoyed a good reputation as a peaceable and orderly citizen. There was also evidence that defendant acted as marshal or special officer at the picnic, having been sworn in by a notary public. There was no proof that he had been elected or appointed by any person or persons having authority. Defendant's pistol, with which he claimed to have done the shooting, was offered in evidence at the trial. It contained two loaded cartridges and three empty shells, and was said to have been in the same condition as defendant left it the night after the homicide.

In rebuttal, the State proved that the town of

Knob Lick had been disincorporated prior to the homicide by an order of the county court; and also proved that the defendant had been convicted of an assault with intent to kill, and sentenced to two years in the penitentiary, from Mississippi county.

The court instructed for murder in the first and second degrees, self-defense, want of motive and good character of defendant.

Defendant is not represented in this court. Various grounds of error are assigned in the motions for new trial and in arrest, all of which are practically without merit.

The information is well enough, contains all necessary averments, and is properly verified.

There was no reversible error in admitting evidence upon the part of the State, although some of it tended to show that defendant shot and killed a different person from the one the information charges him with killing. If he shot at Ed Gann with the felonious intent to kill and murder him and the ball hit and killed Samuel Gann, the law transfers the felonious intent to the latter, and he was just as much guilty of murder under such circumstances as if he had shot directly at Samuel Gann with the felonious intent to kill and murder him. [State v. Gilmore, 95 Mo. 554; State v. Clark, 147 Mo. 20.]

Moreover, all that occurred at the time of the shooting with respect thereto was part of the *res gestae,* and properly admitted upon that ground. [State v. Woodward, 191 Mo. 617.]

While no objection was made to the instructions at the time and could not be raised for the first time in the motion for new trial, and therefore not before us for review, they were exceedingly fair to the defendant, and upon the subject of self-defense unwarranted by the evidence—but as this is an error in favor of defendant he is not in position to complain of it.

The evidence was sufficient to have justified the

jury in finding.the defendant guilty of murder in the first degree, as it shows that the shooting was done wilfully and deliberately, without the slightest provocation or excuse.

The judgment should be affirmed. It is so ordered. All concur.